UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| DAVID E. STANFIELD, | ) |
| Plaintiff, | ) Civil Action No. 3: 11-84-DCR |
| V. | ) |
| FRANKLIN COUNTY FISCAL COURT, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

David E. Stanfield was incarcerated at the Woodford County Detention Center in Versailles, Kentucky on the day he filed his complaint.[1] Proceeding without counsel, he filed a complaint pursuant to 42 U.S.C. § 1983 alleging that officials of the Franklin County Regional Jail violated his civil rights. [Record No. 1] Stanfield also filed an application for leave to proceed *in forma pauperis*, [Record No. 2] which was denied as deficient on December 14, 2011, because Stanfield failed to include the Certificate of Inmate Account form required by Local Rule 5.3(a)(2) and 28 U.S.C. § 1915(a)(2). [Record No. 3] In the Deficiency Order filed December 14, 2011, Stanfield was advised that if he failed to provide the required account

---

[1] In March 2012, Stanfield advised the Clerk that he had been transferred to the Henderson County Jail in Henderson, Kentucky. [Record No. 5] However, the Kentucky Department of Corrections' website indicates that Stanfield is currently confined in the Daviess County Jail in Owensboro, Kentucky. *See* Kentucky Department of Corrections, Offender Online Lookup, http://apps.corrections.ky.gov/KOOL/ioffres.asp (follow "Community Information" hyperlink; then follow "Kentucky Offender Online Lookup System;" then search "David Stanfield"). This site was last visited on September 27, 2012. The Clerk of the Court will be directed to update Stanfield's address accordingly.

information within thirty days of the order, his complaint would be dismissed for failure to prosecute. [*Id.*] The Court further indicated that, if the case was dismissed under these circumstances, it would not be reinstated even with the subsequent payment of the filing fees. [*Id.*] Stanfield was provided with a Certificate of Inmate Account form (E.D. Ky. Form 523) and was informed that he must provide his account information for the preceding six month period. [*Id.*] Stanfield filed the required Certificate of Inmate Account form on December 20, 2011. [Record No. 4] This form is also deficient because Stanfield has only provided one month's account information. [*Id.*]

For a prisoner to proceed *in forma pauperis*, he must provide "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Court requires this financial information to evaluate whether pauper status is warranted under 28 U.S.C. § 1915(a) and determine how the filing fee will be paid. If a prisoner does not comply with this requirement, the court must notify the party and provide him thirty days to remedy any deficiency. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). If the prisoner does not correct the deficiency within the time provided, "the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution." *Id.*

The leniency normally afforded to *pro se* litigants has limits, and the Court will not provide special consideration for failure to follow readily comprehensible Orders. *See Jourdan*

*v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (holding that dismissal of *pro se* litigant's complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion when ordered to do so by magistrate judge). A *pro se* litigant "bears some responsibility in pursuing his claims in a timely fashion" and failure to do so is an "abandonment of his claims." *Shavers v. Hastings*, No. 06-CV-48-DLB, 2006 WL 1285405, at *1 (E.D. Ky. May 9, 2006) (holding that the petitioner's failure to respond to the court's deficiency order was an abandonment of his claims and dismissing the petition, without prejudice, for want of prosecution). Additionally, dismissal of an action is authorized when a party fails to comply with a court Order. *See* Fed. R. Civ. P. 41(b); *see also Palasty v. Hawk,* 15 F. App'x 197, 199-200 (6th Cir. 2001). As noted above, Stanfield was ordered to remedy the deficiency in his motion for *in forma pauperis* status by providing the requisite six month's worth of account information. Stanfield, however, only provided his account information for November 2011. [Record No. 4] This is insufficient. *See Johnson v. United States*, 79 Fed. Cl. 769, 772 (2007). Stanfield's failure to comply with the Court's order constitutes an abandonment of his claim. As a result, the Court will dismiss the petition, without prejudice, for want of prosecution.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

(1)     The Clerk of the Court is **DIRECTED** to update the docket with Stanfield's current address at the Daviess County Detention Center, 3337 East 4th Street, Owensboro, Kentucky 42303.

(2) This action is **DISMISSED**, without prejudice, for failure to prosecute and **STRICKEN** from the Court's docket.

This 28th day of September, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge